STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony J. LEITNER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 00–1718–CR. Oral argument May 29, 2002.—Decided June 26, 2002.*

2002 WI 77

(Also reported in 646 N.W.2d 341.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Jefren E. Olsen,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Mary E. Burke,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general, and *Shunette T. Campbell,* assistant attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the

court of appeals affirming an order of the circuit court for La Crosse County, Michael J. Mulroy, Judge.[1]

¶ 2. Two issues of law are presented here: (1) Does Wis. Stat. § 973.015 (1999–2000)[2] require district attorneys and law enforcement agencies to expunge their records documenting the facts underlying an expunged record of a conviction? (2) May a circuit court consider, when sentencing an offender, the facts underlying a record of a conviction expunged under § 973.015?[3]

---

[1] *State v. Leitner,* 2001 WI App 172, 247 Wis. 2d 195, 633 N.W.2d 207.

[2] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version, unless otherwise indicated.

[3] The State concedes that a circuit court may not consider an offender's court record of a conviction expunged under Wis. Stat. § 973.015 at an offender's sentencing proceeding for a subsequent offense. State's Brief at 37.

The present case does not address the question posed in 70 Op. Att'y Gen. 115 (1981), that is, whether a circuit court has the inherent power to order expunction of criminal conviction records when Wis. Stat. § 973.015 does not govern those records.

Wisconsin Stat. § 973.015 does not define the word "expunge." The present case does not address the question of how a court record is expunged. In *State v. Anderson,* 160 Wis. 2d 435, 441, 466 N.W.2d 681 (Ct. App. 1991), relying on an opinion of the attorney general, the court of appeals appears to have concluded that the word "expunge" in § 973.015 means destruction of the record and that the clerk of the circuit court must physically strike from the record all references to the name and identity of the convicted person. *See* 67 Op. Att'y Gen. 301 (1978). After *Anderson,* the Wisconsin supreme court issued Order No. 97–07, on November 3, 1997, creating Wis. Stat. § SCR 72.06, which provides a process for expunction as follows:

¶ 3. The circuit court and court of appeals concluded that the record referred to in Wis. Stat. § 973.015 is a court record and that § 973.015 does not require district attorneys or law enforcement agencies to expunge their records documenting the facts underlying an expunged record of a conviction. Both courts further concluded that a circuit court may consider, when sentencing an offender, the facts underlying a record of a conviction expunged under § 973.015. We agree with both courts on both issues and affirm the decision of the court of appeals.

I

¶ 4. Anthony J. Leitner, the defendant, was charged with hit and run causing great bodily harm in violation of Wis. Stat. § 346.67(1)(a) and (c) (1997–98). Pursuant to a plea agreement, the defendant entered a no contest plea to reckless driving causing great bodily harm in violation of § 346.62(4) (1997–98). The plea agreement reduced the defendant's maximum exposure to prison from twenty-four months to eighteen months.

SCR 72.06. Expunction. When required by statute or court order to expunge a court record, the clerk of the court shall do all of the following:

(1) Remove any paper index and nonfinancial court record and place them in the case file.

(2) Electronically remove any automated nonfinancial record, except the case number.

(3) Seal the entire case file.

(4) Destroy expunged court records in accordance with the provisions of this chapter.

¶ 5. The facts are undisputed and are set forth in greater detail in the published decision of the court of appeals. We state only those facts pertinent to the two issues presented for review in this court.

¶ 6. The circuit court ordered a presentence investigation report. The report contained a negative assessment of the defendant and recommended that he serve prison time. It also stated that the defendant had been convicted of misdemeanor hit and run and operating a motor vehicle while intoxicated causing injury, both of which related to an incident that had occurred on October 28, 1997. This information about the prior convictions in the presentence investigation report came from the district attorney's case files. The presentence investigation report did not mention that the records of the 1997 convictions had been expunged.

¶ 7. During sentencing, the prosecutor agreed that it was inappropriate to refer to the defendant's 1997 convictions because the court records of these convictions had been expunged. The prosecutor went on, however, to recount the facts underlying the expunged records of the defendant's 1997 convictions by relying on information in the police reports and the district attorney's case files.

¶ 8. Although the defense counsel objected to the circuit court's consideration of the expunged records of the convictions, the defense counsel did not object to the prosecutor's recitation of facts underlying the expunged records of the defendant's 1997 convictions. Indeed, the defense counsel also addressed the underlying facts of the expunged records of the defendant's 1997 convictions to emphasize the minor nature of the injury involved in the prior incident.

¶ 9. The circuit court sentenced the defendant to fifteen months in prison. The circuit court did not

consider the 1997 convictions. The circuit court did, however, consider the facts underlying the expunged records of the 1997 convictions, referring to them as follows:

> You say you have no problem with alcohol and yet this is the second incident that you have been involved in that has resulted in your being charged with an alcohol-related offense, although it was not charged in this particular case, but certainly alcohol was involved.

¶ 10. The court of appeals affirmed both the judgment of conviction and the circuit court's order denying the defendant's motion for resentencing. The court of appeals held that Wis. Stat. § 973.015 does not require district attorneys or law enforcement agencies to destroy their records relating to records of convictions expunged under § 973.015. The court of appeals further held that § 973.015 does not prohibit a sentencing court from considering the facts underlying the record of a conviction expunged under § 973.015.

¶ 11. We affirm the decision of the court of appeals. Like the court of appeals, we reach the merits of the issues presented. We do not decide the present case on grounds of waiver, although the defendant failed to object at sentencing to the introduction of the facts underlying the expunged records of convictions.

¶ 12. Furthermore, we decide the two issues presented, even though the defendant is likely to have already served his fifteen-month sentence, and it is arguable that the present case is now moot. The parties did not raise the issue of mootness. The court raised it at oral argument. The parties urged the court to decide the issues presented, and we do so.

¶ 13. Mootness remains the general rule in Wisconsin. "Ordinarily, this court, like courts in general, will not consider a question the answer to which cannot have any practical effect upon an existing controversy."[4] In the interest of judicial economy, moot cases are generally dismissed without discussion on the merits.

¶ 14. Moot cases may, however, be decided on their merits in a variety of circumstances:

> [The court] will retain a matter for determination although that determination can have no practical effect on the immediate parties: Where the issues are of great public importance; where the constitutionality of a statute is involved; where the precise situation under consideration arises so frequently that a definitive decision is essential to guide the trial courts; where the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or where a question was capable and likely of repetition and yet evades review because the appellate process usually cannot be completed and frequently cannot even be undertaken within the time that would have a practical effect upon the parties.[5]

---

[4] *State ex rel. La Crosse Tribune v. Circuit Court for La Crosse County,* 115 Wis. 2d 220, 228, 340 N.W.2d 460 (1983). *See also Warren v. Link Farms, Inc.,* 123 Wis. 2d 485, 487, 368 N.W.2d 688 (Ct. App. 1985).

[5] *La Crosse Tribune,* 115 Wis. 2d at 229 (internal citations omitted). *See also State ex rel. Hensley v. Endicott,* 2001 WI 105, ¶ 5, 245 Wis. 2d 607, 629 N.W.2d 686; *State v. Santiago,* 206 Wis. 2d 3, 13 n.7, 556 N.W.2d 687 (1996); *Lenz v. L.E. Phillips Career Dev. Ctr.,* 167 Wis. 2d 53, 67, 482 N.W.2d 60 (1992); *In the Matter of G.S. v. State,* 118 Wis. 2d 803, 805, 348 N.W.2d 181 (1984); *State v. Seymour,* 24 Wis. 2d 258, 261, 128 N.W.2d 680 (1964).

¶ 15. We need not analyze the present case under each exception to the general mootness rule. It is sufficient to state that this case falls within the exception that the issues presented are likely to arise again and should be resolved by this court to avoid future uncertainty.[6] Accordingly, we reach the merits of the present case.

## II

¶ 16. The first issue involves whether Wis. Stat. § 973.015 requires district attorneys and law enforcement agencies to expunge their records documenting the facts underlying an expunged record of a conviction. We must interpret § 973.015. The goal of statutory interpretation is to ascertain and give effect to the legislature's intent.[7] Statutory interpretation and the application of a statute to undisputed facts present issues of law that this court determines independent of the circuit court and court of appeals, but benefiting from their analyses.[8]

¶ 17. Wisconsin Stat. § 973.015 authorizes the expunction of the record of a misdemeanor conviction[9] if a person is under the age of twenty-one at the time of the commission of the offense and if the circuit court

---

[6] *See, e.g., State v. Gray,* 225 Wis. 2d 39, 66, 590 N.W.2d 918 (1999); *Fine v. Elections Bd. of the State of Wis.,* 95 Wis. 2d 162, 166, 289 N.W.2d 823 (1980).

[7] *State ex rel. Jacobus v. State,* 208 Wis. 2d 39, 47–48, 559 N.W.2d 900 (1997).

[8] *Id.* at 47.

[9] Wisconsin Stat. § 939.60 provides that a "crime punishable by imprisonment in the Wisconsin state prisons is a felony. Every other crime is a misdemeanor."

determines that the person will benefit and society will not be harmed by this disposition. Section 973.015 reads as follows:

> (1) When a person is under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.
>
> (2) A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.

¶ 18. Wisconsin Stat. § 973.015 is silent regarding whether the records to be expunged are records of courts, district attorneys, or law enforcement agencies. The statute uses the word "record" three times. In subsection (1), the statute uses the word "record" but does not expressly identify the nature of the record. In subsection (2), the statute uses the word "record" twice. First, it refers to a court of *record* and requires the detaining or probationary authority to issue a certificate of discharge to the court of *record* when the convicted person has successfully completed the sentence. Second, it states the certificate of discharge "shall have the effect of expunging the *record*." (Emphasis added.)

¶ 19. The defendant makes the following argu-
ments to justify reading Wis. Stat. § 973.015 to require
the expunction of not only court records, but also of
records of district attorneys and law enforcement agen-
cies relating to the record of a conviction expunged
under § 973.015:

(1) The ordinary meaning of the word "record" is not
 necessarily limited to court records.

(2) Section 973.015 merely refers to "the record" and
 does not expressly refer to a "court record" or a
 "record of the court."

(3) The references to a "court" in § 973.015 specify
 both the entity deciding whether a conviction is
 to be expunged and the entity that receives the
 certificate of discharge, but fails to state, be-
 cause of the use of the passive voice, that the
 only entity to expunge a record is a court.

(4) The word "record" in § 973.015(1) refers to the
 word "offense" and not to the word "court,"
 indicating that § 973.015 can be read to govern
 expunction of any record of the offense.

(5) Section 973.015 has been interpreted to govern
 more records than court records. The court of
 appeals has interpreted § 973.015 as requiring
 district attorneys to destroy the records of a
 person whose conviction was expunged.[10] In
 contrast, the supreme court has stated that "the

---

[10] In *State v. Anderson*, 160 Wis. 2d at 441, the court of
appeals quoted with approval the circuit court, which stated:
"Clearly, the purpose of expunction is just that—to, in effect,
obliterate the record of the individual. In fact, had the State
followed [Wis. Stat. § 973.015] to the letter, . . . [the district
attorney's] record should also have been destroyed . . . ."

legislature has determined that the only records which may be expunged [under § 973.015] are court records . . . ."[11] Furthermore, the Wisconsin Court Records Management Committee, seeking a rule on the expunction of records, acknowledged that § 973.015 could be read as applying not only to court records but also to records held by other government entities.

(6) Section 973.015 refers not only to the court of record, but also to the detaining or probationary authority, indicating that entities such as a county jail (the detaining authority) and the Department of Corrections (the probationary authority) must also expunge their records.

(7) Reading § 973.015 in pari materia with other Wisconsin statutes that govern records leads to the conclusion that the word "record" in § 973.015 is not limited to court records.

(8) Section 973.015 should be interpreted to include records of all government entities relating to the record of a conviction expunged under § 973.015, because such a reading assures statewide consistency in sentencing practices.

In *Anderson,* the court of appeals addressed whether an expunged conviction could be used as a "conviction" to impeach a witness pursuant to Wis. Stat. § 906.09(1). Section 906.09(1) states in part that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or adjudicated delinquent is admissible."

[11] *In the Interest of E.C.,* 130 Wis. 2d 376, 384, 387 N.W.2d 72 (1986) (addressing the authority of circuit courts to order police agencies to destroy juvenile records and stating that § 973.015 does not give the circuit court this authority).

(9) The purpose of § 973.015 supports interpreting the statute to require expunction of records of all government entities relating to the record of a conviction expunged under § 973.015.

¶ 20. We address each of the defendant's arguments in turn. We agree with the defendant's first five arguments. The word "record" can refer to more records than court records. Although the word "record" appears three times in Wis. Stat. § 973.015, it is not modified by the word "court." The word "record" in § 973.015 fails to state that the only entity to expunge a record is a court. The word "record" in § 973.015(1) may be read to refer back to the word "offense," and not to the word "court."

¶ 21. The defendant also correctly states that Wis. Stat. § 973.015 has been interpreted as governing more records than court records and as being subject to alternative interpretations. The court of appeals and the Wisconsin supreme court have, in the *Anderson*[12] and *In the Interest of E.C.*[13] cases respectively, disagreed about whether § 973.015 governs non-court records. The Wisconsin Court Records Management Committee has characterized § 973.015 as not clearly stating whether it governs expunction of non-court records.[14]

¶ 22. The court of appeals in its decision in the present case has correctly pointed out that its statements in *Anderson*[15] that the district attorney should have destroyed the records "need not be accorded weight because there was no need or attempt in *Ander-*

---

[12] *Anderson,* 160 Wis. 2d 435.

[13] *In the Interest of E.C.,* 130 Wis. 2d 376.

[14] *See* petition relating to Supreme Court Order No. 97–07, 214 Wis. 2d xiii (1997), in Drafting Record on file with the Clerk of the Supreme Court, Madison, Wisconsin.

[15] *Anderson,* 160 Wis. 2d at 441.

*son* to analyze whether Wis. Stat. § 973.015 required any entity to destroy records."[16]

¶ 23. This court's statements in *E.C.* that the legislature determined that the only records that may be expunged under Wis. Stat. § 973.015 are court records are more persuasive. The interpretation of § 973.015 was directly involved in deciding the issue presented in *E.C.* The court in *E.C.* concluded that § 973.015 covered only court records of certain misdemeanants but that § 973.015 did not authorize a circuit court to direct police to expunge juvenile police records.[17] *E.C.* is not necessarily determinative of the issues posed in the present case. Section 973.015 was not extensively briefed in the *E.C.* case, and the court's discussion of § 973.015 in *E.C.* does not take into account various arguments posed by the defendant in the present case.

¶ 24. The Wisconsin Court Records Management Committee in petitioning the supreme court for rule-

---

[16] *Leitner,* 247 Wis. 2d at 217, ¶ 50. *See also State v. Sartin,* 200 Wis. 2d 47, 60 n.7, 546 N.W.2d 449 (1996) ("dictum is a statement in a court's opinion that goes beyond the facts in the case and is broader than necessary and not essential to the determination of the issues before it"; dictum is not controlling); *State v. Koput,* 142 Wis. 2d 370, 386 n.12, 418 N.W.2d 804 (1998) (it is not inappropriate for a court to evaluate statements in Supreme Court opinions on the basis of whether they constitute dicta). *But see State v. Kruse,* 101 Wis. 2d 387, 392, 305 N.W.2d 85 (1981) (quoting *Chase v. American Cartage,* 176 Wis. 235, 238, 186 N.W. 598 (1922) ("It is deemed the doctrine of the cases is that when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision.")).

[17] *In the Interest of E.C.,* 130 Wis. 2d at 385.

making on expunction viewed Wis. Stat. § 973.015 as being unclear whether it governs expunction of non-court records.[18] The supreme court adopted SCR 72.06 governing the procedure that clerks of circuit court should follow in expunging court records. SCR 72.06 does not resolve the issues posed in the present case.

¶ 25. These first five arguments of the defendant do not convince us that the word "record" in Wis. Stat. § 973.015 refers to every record that is held by any government agency and that preserves information about the expunged record of a conviction. These arguments do, however, require us to look beyond the words of § 973.015 to determine the statute's meaning.

¶ 26. We disagree with the conclusions that the defendant draws in his sixth, seventh, eighth, and ninth arguments when the defendant examines materials beyond the words of Wis. Stat. § 973.015.

¶ 27. We disagree with the defendant that the statutory reference to the detaining or probationary authority in Wis. Stat. § 973.015 indicates that these entities must also expunge their records. The defendant argues that the issuance of the certificate of discharge, not the forwarding of the certificate to the court of record, has the effect of expunging the record. According to the defendant, the certificate of discharge triggers expunction of the records of the authority preparing the certificate and of all other government entities. We are not persuaded by this reasoning.

¶ 28. Records relating to the facts underlying a record of a conviction expunged under Wis. Stat. § 973.015 might be found in numerous locations,

---

[18] *See* petition relating to Supreme Court Order No. 97–07, 214 Wis. 2d xiii (1997), in Drafting Record on file with Clerk of the Supreme Court, Madison, Wisconsin.

including a district attorney's office, the Department of Corrections, the Department of Transportation, the Department of Health and Family Services, a public defender's office, an office of private counsel, or a victim's home or office. No central depository or registry exists for every record generated in connection with a criminal prosecution. Section 973.015 does not instruct a court or anyone else to notify any other government entities or persons who may have records relating to the facts underlying a record of a conviction expunged under § 973.015. Nor does § 973.015 provide a system for accomplishing such notifications. The only notification that appears in § 973.015 is to the court of record.

¶ 29. Had the legislature intended entities other than a circuit court to expunge their records, the legislature might have required the detaining or probationary entity to send a certificate of discharge to these other entities and would certainly have stated that the certificate has the effect of expunging their records. Without some notice, these records would not, as a practical matter, be expunged. The references to the certificate of discharge in Wis. Stat. § 973.015, no matter how broadly read, simply do not support the defendant's argument that § 973.015 requires that records other than court records be expunged.

■

¶ 30. We next turn to the statutes that the defendant asserts are in pari materia with Wis. Stat. § 973.015. We are not convinced, as the defendant urges, that these statutes support the conclusion that § 973.015 should be read broadly to require expunction of all government records of an offense when the record is expunged under § 973.015. A general rule

of statutory interpretation is that statutes dealing with the same subject matter should be read together and harmonized.[19]

¶ 31. The defendant asserts that Wis. Stat. § 973.015 is in pari materia with the public records law, because records of conviction are ordinarily public records subject to disclosure. Wisconsin's public records law, § 19.32(2), defines the word "record" expansively to include the records of many government authorities.[20] Although the records described in § 973.015 are ordinarily subject to the general rule of disclosure pursuant to the public records law, we cannot say that the definition of the word "record" in Wisconsin's public records law should be carried over automatically to § 973.015. When the legislature has intended to apply the public records law definition of

---

[19] *National Exch. Bank of Fond du Lac v. Mann,* 81 Wis. 2d 352, 361, 260 N.W.2d 716 (1978); *Weiss v. Holman,* 58 Wis. 2d 608, 619, 207 N.W.2d 660 (1973); *Racine Educ. Assoc. v. WERC,* 2000 WI App 149, ¶ 50, 238 Wis. 2d 33, 616 N.W.2d 504.

[20] Wisconsin Stat. § 19.32(2) defines "record" as follows:

"Record" means any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps, charts, photographs, films, recordings, tapes (including computer tapes), computer printouts and optical disks. "Record" does not include drafts, notes, preliminary computations and like materials prepared for the originator's personal use or prepared by the originator in the name of a person for whom the originator is working; materials which are purely the personal property of the custodian and have no relation to his or her office; materials to which access is limited by copyright, patent or bequest; and published materials in the possession of an authority other than a public library which are available for sale, or which are available for inspection at a public library.

467

"record" in another statute, it has expressly adopted the public records law definition.[21] The legislature failed to specify that the word "record" in § 973.015 has the same meaning as the word "record" in § 19.32(2). Without more, there is no reason to equate the word "record" in the two statutes.

¶ 32. The second statute that is in pari materia with Wis. Stat. § 973.015, according to the defendant, is the juvenile expunction statute, § 938.355(4m). That statute allows for expunction of a court's record of a juvenile's delinquency adjudication if the court determines that the juvenile has satisfactorily complied with the conditions of his or her dispositional order and that the juvenile will benefit and society will not be harmed by the expunction.[22] The defendant argues that because the juvenile expunction statute explicitly provides that the only record the court may expunge is the court's record, and because the legislature did not explicitly provide for expunction only of court records in § 973.015, the legislature intended in § 973.015 to expunge all records relating to a conviction expunged under § 973.015.

██

¶ 33. Section 938.355(4m) was created as part of chapter 938 by 1995 Wis. Act 77, § 629, which substan-

---

[21] *See, e.g.,* Wis. Stat. §§ 19.62(6), 46.283(7), 46.284(7), 46.2895(9), 301.35(1)(b), 940.32(1)(cr), and 947.013(1)(d).

[22] Section 938.355(4m) provides:

A juvenile who has been adjudged delinquent may, on attaining 17 years of age, petition the court to expunge the court's record of the juvenile's adjudication. The court may expunge the court's record of the juvenile's adjudication if the court determines that the juvenile has satisfactorily complied with the conditions of his or her dispositional order and that the juvenile will benefit and society will not be harmed by the expungement.

tially revised the children's code. However, the legislative history of § 938.355(4m) fails to explain why it uses the words "court's record" instead of only the word "record" that is used in § 973.015. We agree with the State that given the numerous kinds of records referred to in chapter 938, it is not surprising that chapter 938 provisions, such as § 938.35(4m), are especially attuned to particular records. Although courts presume the legislature chooses its words carefully, there is no reason for this court to conclude that the legislature intended the phrase "court's record" in § 938.355(4m) to mean something different than the word "record" means in § 973.015.[23]

¶ 34. The defendant's penultimate argument is that Wis. Stat. § 973.015 should be interpreted to assure statewide consistency in sentencing practices. The defendant contends that if § 973.015 is limited to court records, courts will be inconsistent in their use of police records and district attorney case files in sentencing on subsequent offenses. According to the defendant, if an offender is convicted in two different counties, the district attorney, law enforcement agencies, and the circuit court in the second county of conviction might not have access to district attorney case files or law

---

[23] Wisconsin Stat. § 165.84(1) is another statute governing records. It does not support reading the word "record" in § 973.015 to include records other than court records.

In Wis. Stat. § 165.84(1), the legislature authorized law enforcement agencies to return fingerprint records of a person arrested or taken into custody and later released or cleared of the offense through court proceedings. The statute, however, relates specifically to fingerprint records of individuals who have not been convicted of a crime and does not address the larger issue of records relating to records of convictions expunged under § 973.015 and held by law enforcement agencies.

enforcement agency records in the first county where the court record of a conviction was expunged under § 973.015. Reading § 973.015 to include only court records will, according to the defendant, result in arbitrary and inconsistent sentencing practices across the state.

¶ 35. The State asserts, and we agree, that a criminal background check could identify prior arrests in other counties, and that a prosecutor, an author of a presentence investigative report, or other law enforcement officer could contact law enforcement agencies across the state to obtain information about an offender. The crux of the defendant's concern does not relate to the ability of courts, district attorneys, and law enforcement agencies to get background information on an offender from other counties, but rather to the convenience of accessing that information. We are not persuaded that we have to read Wis. Stat. § 973.015 to include non-court records to assure statewide consistency in sentencing practices.

¶ 36. The defendant's final argument is that to fulfill its purpose, Wis. Stat. § 973.015 should be read to require the expunction of all government records relating to a record of a conviction expunged under § 973.015. A cardinal rule in interpreting statutes is that an interpretation supporting the purpose of the statute is favored over an interpretation that will defeat the manifest objective of the statute.[24]

_____

[24] *See, e.g., Dairyland Fuels, Inc. v. State,* 2000 WI App 129, ¶ 7, 237 Wis. 2d 467, 614 N.W.2d 829 (citing *Milwaukee County v. DILHR,* 80 Wis. 2d 445, 453, 259 N.W.2d 118 (1977)); Norman J. Singer, 2A *Statutes and Statutory Construction* § 45.09 (6th ed. 2000).

¶ 37. The defendant argues that the purpose of Wis. Stat. § 973.015 is similar to the purpose underlying the Wisconsin Youthful Offenders Act (now repealed)[25] and the similar Federal Youth Corrections Act (now repealed).[26] The defendant reasons that both the Wisconsin and federal youth acts and § 973.015 were intended to give certain youths a new start without a permanent criminal record. In order to achieve this objective, the defendant urges this court to read § 973.015 liberally to govern not only court records but also the records of all government entities relating to the records of convictions expunged under § 973.015. According to the defendant, anything less than an expunction of all such government records defeats the clear purpose of § 973.015.

¶ 38. Although the Wisconsin legislature has not explicitly set forth the purpose of Wis. Stat. § 973.015, we agree with the defendant and the State that § 973.015 was enacted as a companion to the Wisconsin Youthful Offenders Act[27] and that both statutes were intended to provide a break to young offenders who demonstrate the ability to comply with the law. As the court of appeals in *Anderson* stated, § 973.015 "provides a means by which trial courts may, in appropriate cases, shield youthful offenders from some of the

---

[25] Sections 429 and 711m, ch. 39, Laws of 1975; *Anderson,* 160 Wis. 2d at 439.

[26] *See* 18 U.S.C. § 5021 (1976), repealed by Pub. L. No. 98–473, Title II, § 218(a)(8), 98 Stat. 1837, 2027 (1984).

[27] *See Anderson,* 160 Wis. 2d at 439–41; Note 1 to SM-36 (1998), the Criminal Jury Instruction Committee's special material relating to Wis. Stat. § 973.015.

harsh consequences of criminal convictions."[28] But nothing in the language or history of § 973.015 indicates that the legislature intended record expunction under § 973.015 to wipe away all information relating to an expunged record of a conviction or to shield a misdemeanant from all of the future consequences of the facts underlying a record of a conviction expunged under § 973.015.

¶ 39. We conclude that the purpose of Wis. Stat. § 973.015 is accomplished by interpreting the statute to refer only to court records. Expunction of a court record of a conviction enables an offender to have a clean start so far as the prior conviction is concerned. As the State points out, expunging the court record provides substantial advantages to the offender: An expunged record of a conviction cannot be considered at a subsequent sentencing; an expunged record of a conviction cannot be used for impeachment at trial under § 906.09(1);[29] and an expunged record of a conviction is not available for repeater sentence enhancement.[30]

¶ 40. Furthermore, district attorneys and law enforcement agencies have significant ongoing interests in maintaining case information, even when a court record of a conviction has been expunged under Wis. Stat. § 973.015. Case information may assist in identifying suspects, determining whether a suspect might present a threat to officer safety, investigating and

---

[28] *Anderson,* 160 Wis. 2d at 440.

[29] *Id.* at 440–41.

[30] The State's Brief relies on Wis. Stat. § 939.62(2) governing increased penalties for repeat offenders, which requires that prior convictions "remain of record and unreversed."

solving similar crimes, anticipating and disrupting future criminal actions, informing decisions about arrest or pressing charges, making decisions about bail and pre-trial release, making decisions about repeater charges, and making recommendations about sentencing.[31] The legislature could not have intended to hamper these activities without an express statement in § 973.015 that records held by district attorneys and law enforcement agencies should be expunged. We are therefore persuaded that the legislature did not intend § 973.015 to authorize expunction of more than court records.

¶ 41. For the reasons set forth, we conclude that the words of Wis. Stat. § 973.015, as well as its legislative history, context, and purpose, point to the conclusion that the legislature intended § 973.015 to authorize the expunction of court records only, not other records, when the conditions set forth in § 973.015 are met.

## III

¶ 42. The second issue in the present case is whether the circuit court erred in the sentencing proceeding when it considered information about the facts underlying the records of the 1997 convictions expunged under Wis. Stat. § 973.015, such that resentencing is

---

[31] *See In the Interest of E.C.,* 130 Wis. 2d at 392; 70 Op. Att'y Gen. 115, 229 (1981); Wayne R. LaFave, *Search and Seizure,* 1.11(b) (3d ed. 1996); T. Markus Funk, *The Dangers of Hiding Criminal Pasts,* 66 Tenn. L. Rev. 287, 302 (1998).

required. A defendant is entitled to resentencing when a sentence is affected by a circuit court's reliance on an improper factor.[32]

¶ 43.　The State concedes that a circuit court cannot consider an offender's prior expunged record of conviction at the offender's sentencing proceeding for a subsequent offense.[33] According to the State, the record of conviction is, when expunged, a nullity.

¶ 44.　Although court records of expunged convictions cannot be considered by sentencing courts, nothing in Wis. Stat. § 973.015 states whether, in sentencing for a subsequent offense, a circuit court may consider the facts underlying a record of a conviction expunged under § 973.015. The facts underlying the record of a conviction expunged under § 973.015 are significant to sentencing this defendant because the facts of his prior behavior elucidate his character, including the escalating harms caused by his interrelated intoxication and hit and run accidents.

¶ 45.　In Wisconsin, sentencing courts are obliged to acquire the "full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence."[34] A sentencing court may consider uncharged and unproven offenses[35] and facts related to offenses for which the defendant has been acquitted.[36]

[32] *Harris v. State,* 75 Wis. 2d 513, 518, 250 N.W.2d 7 (1977).

[33] State's Brief at 37.

[34] *Elias v. State,* 93 Wis. 2d 278, 285, 286 N.W.2d 559 (1980).

[35] *Id.* at 284.

[36] *State v. Bobbitt,* 178 Wis. 2d 11, 16–17, 503 N.W.2d 11 (Ct. App. 1993).

To assure that a circuit court has full information, prosecutors may not keep relevant information from a sentencing court.[37]

¶ 46. If information about the underlying facts of an expunged conviction come from a source other than a government record, such as testimony of a witness, the information can be used by the circuit court. It does not make sense to read Wis. Stat. § 973.015 to prohibit a circuit court from considering the underlying facts of an expunged record of conviction if those facts are located in a file of a district attorney or law enforcement agency that is not required to be expunged, but nonetheless permit a circuit court to consider the same underlying facts supplied by another source.

¶ 47. When Wis. Stat. § 973.015 is read in the context of the objectives of a sentencing proceeding, it is clear that the legislature did not intend § 973.015 to deprive sentencing courts of relevant information regarding an offender when that information is in government files relating to a record of conviction expunged under § 973.015.

## IV

¶ 48. In sum, we conclude the record referred to in Wis. Stat. § 973.015 is a court record and that § 973.015 does not direct district attorneys or law enforcement agencies to expunge their records documenting the facts underlying an expunged record of a conviction. We further conclude that the circuit court may consider, when sentencing an offender, the facts

---

[37] *State v. Williams*, 2002 WI 1, ¶ 43, 249 Wis. 2d 492, 637 N.W.2d 733 (stating that a prosecutor may not agree to keep relevant information from a sentencing court).

underlying a record of conviction expunged under § 973.015. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.