**2019 WI App 45**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

| | |
|---|---|
| Case No.: | 2018AP1299 |

Complete Title of Case:

> **CHRISTINE TARRANT,**
>
> **PETITIONER-RESPONDENT,**
>
> **V.**
>
> **WISCONSIN DEPARTMENT OF HEALTH SERVICES,**
>
> **RESPONDENT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | July 31, 2019 |
| Submitted on Briefs: | March 14, 2019 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Gundrum and Hagedorn, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the briefs of *Maura FJ Whelan*, assistant attorney general, and *Brad D. Schimel*, attorney general. |
| Respondent ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Polly Shoemaker* of *ABC for Health, Inc.*, Madison. |

COURT OF APPEALS
DECISION
DATED AND FILED

July 31, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1299**

Cir. Ct. No. **2017CV1973**

STATE OF WISCONSIN

IN COURT OF APPEALS

CHRISTINE TARRANT,

PETITIONER-RESPONDENT,

V.

WISCONSIN DEPARTMENT OF HEALTH SERVICES,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: RICHARD G. NIESS, Judge. *Reversed.*

Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

¶1 GUNDRUM, J. The Wisconsin Department of Health Services (Department) appeals from the circuit court's order concluding that the monthly payments Christine Tarrant received from a testamentary trust account did not

constitute countable unearned income when determining her eligibility for medical assistance. Because we conclude the circuit court erred, we reverse.

## *Background*

¶2 As a result of her father's death, and during the time period relevant to this case, Tarrant received $4500 a month from a testamentary trust created by her father's will. In January 2017, she applied to renew government-provided medical assistance.[1] The Department treated the monthly payments as unearned income, which when combined with her other income, made her ineligible for medical assistance. As a result, her applications were denied.

¶3 Tarrant appealed the Department's decision. An administrative law judge agreed with the Department that the monthly payments constituted unearned income for purposes of determining medical assistance eligibility and that these payments made her ineligible for medical assistance. Tarrant petitioned for review by the circuit court, and the court reversed the Department's decision. The Department appeals; we now reverse the decision of the circuit court.

## *Discussion*

¶4 "When a party appeals a circuit court order reviewing a decision made by an administrative agency, we review the agency's decision, rather than that of the circuit court." ***Newcap, Inc. v. DHS***, 2018 WI App 40, ¶13, 383 Wis. 2d 515, 916 N.W.2d 173. Because there is no factual dispute in this case, we

---

[1] Tarrant applied for Medicaid, Medicare Premium Assistance, and BadgerCare Plus.

review de novo the application of legal authority to the facts. *See Estate of Gonwa v. DHFS*, 2003 WI App 152, ¶25, 265 Wis. 2d 913, 668 N.W.2d 122.

¶5      Medical assistance is "aimed at ensuring medical care for those who cannot pay for their own care." *Id.*, ¶19. Eligibility for such assistance "is not a default position that the Department must rebut but rather a privilege for which the applicant must prove eligibility." *Id.*, ¶17. Thus, in this case, Tarrant bore the burden of demonstrating to the Department that she was eligible for the assistance for which she applied. We agree with the Department and the ALJ that she failed to meet that burden.

¶6      Eligibility for medical assistance is determined based upon an individual's "income and resources." WIS. STAT. § 49.47(4)(a) (2017-18)[2]; *State of Georgia, Dep't of Med. Assistance v. Shalala*, 8 F.3d 1565, 1566 (11th Cir. 1993) ("Applicants are needy, and therefore eligible for assistance, depending on what income and resources are available to them." (citing *Schweiker v. Gray Panthers*, 453 U.S. 34, 36 (1981))). "'[I]ncome' includes earned or unearned income that would be included in determining eligibility … for the aged … under 42 U.S.C. [§§] 1381 to 1385 [2016]." Sec. 49.47(4)(c). "[E]arned income means only" wages, net self-employment earnings, "remuneration received for services performed in a sheltered workshop or work activities center," and royalties. Sec. 1382a(a)(1). "[U]nearned income means all other income, including" "support and maintenance" (with certain exceptions not relevant here); "any payments received as an annuity, pension, retirement, or disability benefit";

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

"prizes and awards"; "payments to the individual occasioned by the death of another person" if the payments exceed last illness and burial costs; "support and alimony payments, and ... gifts … and inheritances"; "rents, dividends, interest, and royalties"; "any earnings of, and additions to, the corpus of a trust established by an individual ... of which the individual is a beneficiary"; and certain "payments to or on behalf of a member of a uniformed service for housing." Sec. 1382a(a)(2). We agree with the Department's position that the types of income identified in § 1382a(a)(2) as unearned income are not intended to be a limited list as unearned income means "*all* other income, *including*" the types specifically identified. (Emphasis added.) *See also 20 C.F.R.* § 416.1120 (1994) ("Unearned income is *all* income that is not earned income." (emphasis added)); 20 C.F.R. § 416.1121 (1994) (delineating "*some* types of unearned income" (emphasis added)); *Rosenshein v. Florida Dep't of Children & Families*, 971 So. 2d 837, 839 (Fla. Dist. Ct. App. 2007) (concluding that "the federal statute is not a complete itemization of every possible type of unearned income" and that although monthly long-term care insurance payments are not specifically identified, they are nonetheless "'countable' unearned income").

¶7      Tarrant points out that 42 U.S.C. § 1382a(a)(2)(G) "expressly identifies Medicaid Qualifying Trust distributions as countable unearned income" ("any earnings of, and additions to, the corpus of a trust established by an individual … of which the individual is a beneficiary"), and she briefly asserts that the lack of similar enumeration for testamentary trust payments suggests such payments do not constitute unearned income. We disagree. Section 1382a(a)(2)(G), like WIS. STAT. § 49.454, upon which Tarrant also heavily relies, *see infra* ¶12, appears to address a very specific type of trust—self-settled trusts—and provides us with no indication that adoption of this provision was intended as

4

an implication that payments from other types of trusts are not to be considered unearned income. The mildest of implications subd. (G) may have in this regard is overcome by the instruction that unearned income means "all other income" that is not earned income, *see* § 1382a(a)(2) and 20 C.F.R. § 416.1120, and the similar nature of the payments Tarrant received to other types of "payments" and funds considered as unearned income. For example, although not specifically discussed by the parties, if the testamentary trust payments Tarrant received do not directly satisfy the language of the enumerated "payments … occasioned by the death of another person" or "inheritances" provisions of § 1382a(a)(2)(D) and (E) respectively, the payments at least bear much similarity to those types of payments. We see no reason why Tarrant's testamentary trust payments, occasioned by her father's passing, should not similarly be treated as unearned income.

¶8      "Income," earned or unearned, "is anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102 (1994). In addition to other authorizations, the trust in this case authorized the trustees to pay Tarrant "reasonable sums" for her "comfort and well-being" and stated that "[t]his provision shall be construed liberally." Thus, Tarrant's trust payments appear to be funds available for her unrestricted use for her comfort and well-being, and we see no error with the Department treating these payments as unearned income for purposes of determining her eligibility for medical assistance. *See **State ex rel. DHS v. Trust Co. of Okla.***, 890 P.2d 1342, 1347 & n.15, 1349 (Okla. 1995) (noting "[f]ederal regulations defining income for SSI provide that income is anything received in cash or in kind that can be used to meet needs for food, clothing and shelter" and concluding that disbursements from

a trust "may be income for medical [assistance] eligibility purposes … if they are utilized to meet" such needs (citing 20 C.F.R. §§ 416.1102, 416.1103 (1994))).

¶9 WISCONSIN STAT. § 49.45(34) and Wisconsin case law lead us to look to the state Medicaid Eligibility Handbook for additional guidance in determining whether the Department appropriately included Tarrant's monthly trust payments in determining her eligibility for medical assistance.[3] Section 49.45(34) directs that the Department prepare the handbook and that it be used for administration of the medical assistance program. Further, our supreme court has recognized that the handbook "is consistent with the federal and state legislation regarding medical assistance," *Tannler v. DHSS*, 211 Wis. 2d 179, 187-88 & n.10, 564 N.W.2d 735 (1997), and has expressed that "because the … Handbook is designed to assist state and local agencies to implement the federal-state [medical assistance] program," we may consider its provisions persuasive in resolving disputes, *id.* at 184.

¶10 Section 15.4.1 of the handbook, "Income from Trusts," provides that "[*a*]*ll payments* (including interest and dividends) *from a trust* to the beneficiary are unearned income to the beneficiary." Medicaid Eligibility Handbook, § 15.4.1

---

[3] Both the Department and Tarrant acknowledge the significance of the Medical Eligibility Handbook in resolving the issue before us on appeal.

(June 2016) (emphasis added).[4] Tarrant asserts that the trusts referred to in the handbook do not include testamentary trusts like that from which she received payments. She claims that "[u]nder the handbook policy, payments from a trust may be counted as income to the beneficiary, *but only if* the trust was established by one of the specifically enumerated grantor types." (Emphasis added.) She specifically references § 15.4.1 of the handbook, "Income from Trusts," which explains that

> A trust is any arrangement in which a person (the "grantor") transfers property to another person with the intention that the person (the "trustee") hold, manage, or administer the property for the benefit of the grantor or of someone designated by the grantor (the "beneficiary").
>
> The term "trust" includes any legal instrument or device or arrangement which, even though not called a trust under state law, has the same attributes as a trust. That is, the grantor transfers property to the trustee, and the grantor's intention is that the trustee hold, manage, or administer the property for the benefit of the grantor or of the beneficiary.
>
> The grantor *can be*:
>
> - A Medicaid member.
>
> - The *spouse* of a Medicaid member.

---

[4] Tarrant's application for BadgerCare Plus was also denied by the Department. The BadgerCare Plus Eligibility Handbook explains that "[o]ther income is any payment that the member receives from sources other than employment. Unless it is disregarded income [(not the case here)], count the gross payment in the person's income total." BadgerCare Plus Eligibility Handbook, § 16.5 (Aug. 2016). It also provides that "[a]ll regular payments … made under the terms of the trust, from the trust to the beneficiary are unearned income to the beneficiary." *Id*. Because the parties focus their arguments on the Medicaid Eligibility Handbook, we will as well; however, Tarrant makes no argument, and we see no reason, for treating the eligibility determination for Tarrant any differently based upon the BadgerCare Plus Eligibility Handbook than based upon the Medicaid Eligibility Handbook.

- A person … with legal authority to act in place of or on behalf of the member or the member's spouse. This includes a power of attorney or guardian.

- A person … acting at the direction or upon the request of the member or the member's spouse. This includes relatives, friends, volunteers, or authorized representatives.

Medicaid Eligibility Handbook, § 15.4.1.

¶11    We do not read the handbook as being as restrictive as Tarrant would like.  The handbook identifies four types of persons that "can be" a grantor.  Tarrant argues as if a grantor "can *only* be" one of these types of persons.  The handbook does not state this.  Importantly, there is no dispute in this case that Tarrant is the beneficiary of and received monthly payments from a "trust," and the handbook unambiguously states that "[*a*]*ll payments* … from *a trust* to the beneficiary are unearned income to the beneficiary" and that such unearned income should be "count[ed] ... in a person's income total."  Medicaid Eligibility Handbook, §§ 15.4, 15.4.1 (emphasis added).  Furthermore, the handbook explains:  "The term 'trust' includes any legal instrument or device or arrangement which, even though not called a trust under state law, has the same attributes as a trust."  We conclude that the testamentary trust in this case qualifies as a "trust" under the handbook, and thus pursuant to the handbook, the Department properly considered the trust payments to Tarrant as unearned income to be counted for purposes of determining medical assistance eligibility.

¶12    In arguing that the Department erred in including her trust payments, Tarrant directs us to WIS. STAT. § 49.454.  This statute addresses when the corpus and payments of certain self-settled trusts may be considered in determining a person's medical assistance eligibility.  Section 49.454(1)(a) provides in relevant part that

> this section applies to an individual with respect to a trust if assets of the individual or the individual's spouse were used to form all or part of the corpus of the trust and if any of the following persons established the trust other than by will:
>
> 1. The individual.
>
> 2. The individual's spouse.
>
> 3. A person … with legal authority to act in place of or on behalf of the individual or the individual's spouse.
>
> 4. A person ... acting at the direction or upon the request of the individual or the individual's spouse.

The statute goes on to explain how the corpus and payments from a trust falling within the description of para. (1)(a) are to be treated for purposes of determining medical assistance eligibility. Sec. 49.454(1)(b).

¶13 Tarrant would have us read more into this statute. She asks us to read this statute as if it provides a legislative indication that no trust payments may be considered for purposes of determining medical assistance eligibility unless the payments are made from the types of trusts identified in WIS. STAT. § 49.454. The Department, on the other hand, argues that § 49.454 simply does not apply to testamentary trusts, like the one from which Tarrant received payments. The Department contends § 49.454 merely provides the circumstances under which corpus and payments from the types of self-settled trusts addressed therein may and may not be considered as income for medical assistance purposes and was not intended as an implication by the legislature that trust fund payments from other types of trusts not addressed by that statute, such as the testamentary trust at issue in this case, cannot be considered for medical assistance eligibility purposes. The Department asserts that the treatment of trust payments in the handbook should be followed, specifically that "[a]ll payments … from a trust are unearned income to the beneficiary" and are to be "count[ed] … in a person's income total."

9

¶14  The ALJ concluded, similar to the Department's position, that

> [a]lthough WIS. STAT. § 49.454(1)(a) explicitly states that section 49.454 does not apply to trusts created by will [i.e., it applies only to trusts created from assets of an individual or his or her spouse and established by a limited list of persons "other than by will"], that is not to say that distributions from a trust created by will are not to be treated as unearned income under [medical assistance] eligibility rules.

We agree.  As we pointed out in *Gonwa*, § 49.454 was enacted in 1993 as part of "an effort to further tighten loopholes" specifically exploited by individuals who were utilizing Medicaid-qualifying trusts to shield assets from consideration for medical assistance eligibility purposes and were thereby qualifying for this program, which was designed to aid truly "low-income elderly and disabled individuals, and poor women and children."  *See Gonwa*, 265 Wis. 2d 913, ¶36 (citation omitted).  Thus, the fact that § 49.454 does not address testamentary trusts is not surprising, and we do not interpret this as an indication the legislature gave consideration to whether payments from testamentary trusts should be included as unearned income for medical assistance eligibility purposes and concluded to the contrary.  Section 49.454 provides us with no clear insight as to any legislative intent with regard to whether or not testamentary trust fund payments such as those Tarrant received are to be considered for medical assistance eligibility purposes.  This statute is simply inapplicable to this case.

¶15  For the foregoing reasons, we conclude the Department appropriately treated Tarrant's monthly trust payments as unearned income to be

considered for purposes of determining her eligibility for medical assistance. Therefore, we reverse the decision of the circuit court.[5]

---

[5] On September 25, 2018, the Department filed its brief-in-chief in this appeal requesting that we issue a published decision reversing the circuit court. The Department sought publication "to clarify how payments from a trust not subject to Wis. Stat. § 49.454 affect eligibility for medical assistance." On October 25, 2018, Tarrant filed her response brief, also indicating that "[p]ublication is appropriate because the opinion will clarify rules affecting the impact on Medicaid eligibility of distributions from trusts not governed by [§] 49.454 and the issue appears not to have been addressed in any prior decisions." Responding to our later request for supplemental briefing, both parties filed briefs on May 22, 2019, adhering to and advocating for their respective positions in this case.

On July 15, 2019, Tarrant filed a motion to dismiss the Department's appeal on the ground of mootness. She asserts it is moot because the corpus of the testamentary trust is depleted and thus "[a] decision on the merits will not affect Ms. Tarrant's Medicaid eligibility." She also asserts it is moot because "[a] decision on the merits will not entitle the Department to recover Medicaid benefits already paid" on her behalf because under WIS. STAT. § 49.497 such recovery could be made only if Tarrant had "misrepresented or failed to report information about trust distributions in her application for benefits"; however, in this case benefits were erroneously paid only due to the ruling of the circuit court. The State filed a two-sentence response agreeing the case is moot and stating it does not oppose dismissal.

We deny Tarrant's motion to dismiss. Due to "the interest of judicial economy," moot cases are "generally dismissed without discussion on the merits." *State v. Leitner*, 2002 WI 77, ¶13, 253 Wis. 2d 449, 646 N.W.2d 341. We may, however, decide moot issues under certain circumstances. *Outagamie County v. Melanie L.*, 2013 WI 67, ¶80, 349 Wis. 2d 148, 833 N.W.2d 607. One of those circumstances is where an issue "is likely to arise again and a decision of the court would alleviate uncertainty." *Id.* (citation omitted). That is the case here. While no party has put forth an estimate as to how often testamentary trust payments preclude an individual from qualifying for medical assistance, it is not hard to envision the situation happening on future occasions. Moreover, Tarrant herself makes the case for us deciding this appeal even if it may not directly affect her at this point. The circuit court ruled that the Department is prohibited from considering the testamentary trust fund payments to Tarrant in determining her eligibility for medical assistance. If that decision is not reversed, it is likely the Department and/or a future administrative law judge will follow the circuit court's directive from this case when reviewing other medical assistance applications. This no doubt would result in significant taxpayer dollars being spent based upon an erroneous legal interpretation. And, if Tarrant's reading of WIS. STAT. § 49.497 is correct, then the Department, and ultimately the taxpayers, will never be able to recover those funds even if a future appellate court rules as we do today. The only way to protect taxpayers in a circumstance such as this is with a published decision that provides the clarity both parties originally sought for situations like Tarrant's.

(continued)

11

*By the Court.*—Order reversed.

---

As noted, judicial economy is the primary reason for dismissing a moot case. In this instance, our decision was already completed and poised for release when Tarrant filed the motion to dismiss. As a result, a dismissal at this point will not promote judicial economy. The release of this decision, which is based upon a real case and controversy and provides greater certainty and clarity for testamentary trust payment situations, better serves judicial economy.