**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 12, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

| | |
|---|---|
| **Appeal No. 2019AP1763** | **Cir. Ct. No. 2018ME1197** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS DISTRICT I** |

IN THE MATTER OF THE MENTAL COMMITMENT OF R.T.H.:

MILWAUKEE COUNTY,

PETITIONER-RESPONDENT,

V.

R.T.H.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Dismissed.*

¶1 WHITE, J.[1] Robert[2] appeals the circuit court order for involuntary medication and treatment. Robert argues that Ozaukee County failed to fulfill the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant in this confidential matter using a pseudonym rather than his initials.

statutory requirements to explain the advantages and disadvantages of medication in a timely manner. We conclude that his appeal is moot and Robert has not shown that any of the exceptions to mootness apply, and, therefore, we dismiss.

**BACKGROUND**

¶2    This matter arises out of Ozaukee County's petition for an order for commitment of Robert and for an order of involuntary medication and treatment in August 2017. Throughout the proceedings, Robert objected that he wanted to do research and get more information on the proposed medication regimen because of his concerns about side effects. After several hearings, the circuit court granted Ozaukee County's petition and issued a six-month order for commitment, with Robert initially confined to in-patient care in September 2017. Several weeks later, the court held a hearing on the petition for an order for involuntary medication and treatment. After testimony about Robert's refusal to accept prescribed medication and that he was incapable of making an informed choice to accept or refuse medication, the circuit court issued an order for involuntary medication and treatment.[3]

¶3    In February 2018, the County filed an Evaluation, Recommendation, and Petition for Recommitment that requested an extension of the order for commitment and the order for involuntary medication. In March 2018—prior to the expiration of either order—the circuit court ordered a twelve-month extension of

---

[3] Robert also appealed his initial orders for commitment and for involuntary medication and treatment, which had been issued in 2017. In February 2019, we denied Robert's appeal of his initial order for commitment. *See Ozaukee Cnty. v. R.T.H.*, Appeal 2018AP1317, unpublished slip op. (WI App February 27, 2019). Further, we concluded that he abandoned his appeal of the order for involuntary medication and treatment by not addressing it in his statement of issues or his argument in his brief-in-chief. In June 2019, our supreme court denied Robert's petition for review of the initial order for commitment and order for involuntary medication and treatment. We do not address his initial orders any further.

commitment after a jury verdict that (1) Robert was "mentally ill"; (2) Robert was "dangerous to himself or to others"; and (3) Robert was "a proper subject for treatment." The following day, the court addressed the question of also issuing another order for involuntary medication and treatment.

¶4 In support of the petition for an order for involuntary medication, Ozaukee County called Dr. Cary Kohlenberg, a psychiatrist who conducted an independent evaluation of Robert. Dr. Kohlenberg had also testified in the jury trial on the extension of commitment the day before; he testified that he reviewed Robert's "medical records from the time that [he] had been hospitalized, so [he] saw the psychiatry and psychology initial commitment evaluations" from two of the doctors who also testified in the commitment proceedings. He reviewed "follow-up outpatient psych entered notes … from the three visits following the hospitalization." Dr. Kohlenberg testified that Robert was substantially incapable of understanding the advantages, disadvantages, or alternatives to his situation to make an informed choice regarding medication because Robert did not acknowledge having a mental illness and denied having psychotic symptoms. Dr. Kohlenberg testified that Robert did not appear at the appointment set for him to meet in-person with Dr. Kohlenberg for the evaluation, which the doctor acknowledged was Robert's choice under the law.

¶5 Dr. Kohlenberg testified that because Robert refused to meet with him, he did not have the opportunity to directly explain the "advantages, disadvantages, and alternatives of medication" with him. Dr. Kohlenberg testified that the reports showed that the advantages and disadvantages of medication were explained and discussed with Robert in September, October, and November 2017. Dr. Kohlenberg testified that the most recent report he relied upon was dated November 16, 2017. He also testified that his evaluation was drawn from written

reports and he did not speak to any of Robert's treating doctors or the doctors who previously evaluated him. The circuit court concluded that an order of involuntary medication and treatment was also warranted and, on March 2, 2018, issued that order for the duration of the commitment order.

¶6      Robert filed a notice of intent to pursue postcommitment relief from the order extending his commitment.[4] In October 2018, the circuit court[5] granted Ozaukee County's motion to transfer venue of Robert's case to Milwaukee County, after Robert moved to Milwaukee.

¶7      This court, noting that the March 2018 orders had expired, ordered the parties to brief the court on whether this appeal was moot.[6] This appeal follows.

---

[4] In March 2018, Robert filed an intent to pursue postcommitment relief on the commitment extension. In September 2019, Robert filed notice of appeal of the order for commitment and the order for involuntary medication and treatment, both issued in March 2018.

[5] The Honorable Paul V. Malloy presided over Robert's proceedings in Ozaukee County, including issuing both orders for commitment and both orders for involuntary medication. The Honorable Dennis P. Moroney, reserve circuit court judge, issued the order granting the venue change.

[6] Robert filed a memorandum with this court arguing that the case was not moot due to collateral implications of the commitment order; that if it was moot, it fell under an exception to the mootness doctrine because he challenged the constitutionality of the WIS. STAT. ch. 51 extension standard; and in the alternative, that his appeal should be held in abeyance of a pending Wisconsin Supreme Court decision in *Waukesha County v. J.J.H.*, No. 2018AP0168. This court held the appeal in abeyance. In February 2020, our supreme court held that *J.J.H.,* 2020 WI 22, 309 Wis. 2d 531, 939, N.W.2d 49, had been improvidently granted. Robert then asked this court to hold his appeal in abeyance pending the Wisconsin Supreme Court decision affecting a similar issue in *Waupaca County v. K.E.K.*, No. 2018AP1887. In June 2020, this court again ordered the parties to address the issue of mootness in the appeal briefing. This court held Robert's motion in abeyance pending the decision in *K.E.K.* The Wisconsin Supreme Court issued a decision in *K.E.K.*, 2021 WI 9, 395 Wis. 2d 460, 954 N.W.2d 366, in February 2021, and Robert informed this court in April 2021 that he intended to pursue his appeal.

## DISCUSSION

¶8      Robert argues that the County[7] failed to meet its burden of proof for the order for involuntary medication and treatment to show clear and convincing evidence that Robert was not competent to refuse medication.[8]

¶9      Under the Chapter 51 commitment process, a patient has the right to exercise informed consent with regard to all medication and treatment unless the committing court … makes a determination, following a hearing, that the individual is not competent to refuse medication or treatment…" WIS. STAT. § 51.61(g)(3).

> [A]n individual is not competent to refuse medication or treatment if, because of mental illness … and after the advantages and disadvantages of and alternatives to accepting the particular medication or treatment have been explained to the individual, one of the following is true:
>
> a. The individual is incapable of expressing an understanding of the advantages and disadvantages of accepting medication or treatment and the alternatives.
>
> b. The individual is substantially incapable of applying an understanding of the advantages, disadvantages and alternatives to his or her mental illness… in order to make an informed choice as to whether to accept or refuse medication or treatment.

Section 51.61(g)(4).      The County bears the burden of proving the patient is incompetent to refuse medication by clear and convincing evidence. *Outagamie Cnty. v. Melanie L.*, 2013 WI 67, ¶37, 349 Wis. 2d 148, 833 N.W.2d 607.

---

[7] For ease of reading, we refer to both Milwaukee County and Ozaukee County as a singular "the County" in the discussion of Robert's issues because of their aligned interests in this case.

[8] We note that Robert appeals only the order for involuntary medication, and does not appeal the order for extension of commitment. Additionally, he no longer challenges the constitutionality of the Chapter 51 commitment standard. Therefore, we confine our review to the issues related to the order for involuntary medication.

¶10 However, we must first address the threshold issue of mootness. Robert argues that his appeal is not moot because his notice was timely even if the appeal briefing did not reach this court for resolution prior to the expiration of the order. In the alternative, he argues this appeal falls under an exception to mootness because the issue of the standard for involuntary medication occurs with such frequency that it merits review to guide circuit courts. To the contrary, the County argues that this appeal is moot because the underlying order has expired, there are no collateral consequences demonstrated, and none of the exceptions to mootness apply.[9]

¶11 "Mootness is a question of law we review de novo." *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶10, 386 Wis. 2d 672, 927 N.W.2d 509. "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Id.*, ¶ 11. We generally decline to address moot issues, "and if all issues on appeal are moot, the appeal should be dismissed." *Id.*, ¶12. However, because mootness is a doctrine of judicial restraint, we may choose to address a moot issue under an exception to the doctrine: (1) matters of great public importance; (2) determining the constitutionality of a statute; (3) a decision from this court is essential because the issue arises often; (4) uncertainty can only be avoided if the court resolves a moot issue that is likely to arise again; or (5) the issue is likely to repeat yet evades review. *Marathon Cnty. v. D.K.*, 2020 WI 8, ¶19, 390 Wis. 2d 50, 937 N.W.2d 901.

---

[9] Although Robert acknowledges that our supreme court raised the possibility that there can be collateral consequences from commitment orders even after expiration, Robert does not argue that he has been affected by collateral consequences of this order. *See Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶28 n.11, 386 Wis. 2d 672, 927 N.W.2d 509. Further, because Robert only challenges the extension of the involuntary medication order, even if we were to reverse the order, any collateral consequences from the commitment order would be unaffected.

With these principles in mind, we turn to the record to evaluate whether Robert's appeal is moot.

¶12    The record is clear that the orders for involuntary medication and treatment and for the commitment of Robert have expired.  The extension orders were issued in March 2018; the commitment order expired in twelve months and the involuntary medication order was applicable "during the period of commitment, or until further order of the court."  There is nothing in the record that suggests (and Robert does not argue) that the involuntary medication order did not expire in March 2019, along with the commitment order.  An expired commitment order is moot. *See Id.*, ¶22.  We conclude that under the undisputed facts the order for involuntary medication and treatment granted in March 2018 is moot.

¶13    First, Robert argues that because his notice of intent to appeal the March 2018 orders was immediate and timely, the delays in reaching this court prior to the expiration of the order were all approved by orders of this court.  This argument is unavailing.  The delays in appellate process may bring about an exception to mootness "where a question was capable and likely of repetition and yet evades review."  *State v. Leitner*, 2002 WI 77, ¶14, 253 Wis. 2d 449, 646 N.W.2d 341.  However, delays in appellate process alone do not preserve an issue without exceptional circumstances.  Further, Robert asserts that the issue of the burden of proof for involuntary medication orders occurs with frequency such that it is essential for this court to guide circuit courts. *See id.*, ¶14.  We note that our supreme court has already addressed in depth the proper procedures when a circuit court considers a petition for an order of involuntary medication. *See Melanie L.*, 349 Wis. 2d 148, ¶¶53-55, 63, 67.  Therefore, we conclude that exploring the merits

of this issue would not clarify the law and that none of the exceptions to the mootness doctrine apply.[10]

¶14 We conclude that Robert has failed to show that this cases presents exceptional or compelling circumstances that would warrant a decision on the merits, regardless of its mootness. Even if we reviewed the evidentiary basis and procedural compliance of the order for involuntary medication and found it lacking, the proper response would be to reverse the circuit court and direct vacatur of the order. "But vacatur is not the same thing as expungement. The … [o]rder would still be a matter of record; it would simply have no operative effect." *See Waukesha Cnty. v. S.L.L.*, 2019 WI 66, ¶40, 387 Wis. 2d 333, 929 N.W.2d 140.

¶15 Accordingly, we decline to disregard the mootness of Robert's arguments, and we dismiss Robert's appeal.

## CONCLUSION

¶16 For the foregoing reasons, this appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[10] The County additionally argues that Robert has waived the merits of his argument. Because we conclude that Robert's appeal is moot, we do not address this argument.