STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher Joseph ALLEN,
Defendant-Appellant.†

Court of Appeals

*No. 2014AP2840–CR. Submitted on briefs August 3, 2015.
—Decided November 24, 2015.*

2015 WI App 96

(Also reported in 873 N.W.2d 92.)

† Petition for Review.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kaitlin A. Lamb*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad D. Schimel*, attorney general, and *Warren D. Weinstein* assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. Christopher Joseph Allen comes to this court asking for a new sentencing hearing. He contends that *State v. Leitner*, 2002 WI 77, 253 Wis. 2d 449, 646 N.W.2d 341, prohibited the circuit court from considering the fact that Allen had previously completed supervision in a case expunged pursuant to WIS. STAT. § 973.015 (2013–14).[1] In *Leitner*, the Wisconsin Supreme Court held that a sentencing court could consider "the facts underlying a record of conviction expunged under § 973.015." *Leitner*, 253 Wis. 2d 449, ¶ 48. Allen argues that the "facts" referenced by *Leitner* are only those facts relating to the *crime* underlying the expunged conviction, and do not include those facts underlying the expunged criminal *record*. We disagree. Both the sentencing court's obligation to sentence a defendant based upon the full knowledge of the defendant's character and behavior, *see id.*, ¶ 45, and the legislature's desire in passing the expunction statute to only shield a defendant from

---

[1] Generally speaking, WIS. STAT. § 973.015 permits a circuit court, upon a party's motion or *sua sponte*, to expunge a conviction if: (1) the offender was under twenty-five at the time the offense was committed; (2) the maximum penalty for the offense to be expunged is six years or less; and (3) the offender and society will not be harmed by the disposition. *See id.*; *see also* WIS JI—CRIMINAL SM-26; *State v. Hemp*, 2014 WI 129, ¶ 20, 359 Wis. 2d 320, 856 N.W.2d 811. All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

*some* of the harsh consequences of criminal convictions, *see id.,* ¶ 38, require us to read *Leitner* to permit a sentencing court to consider all the facts underlying the expunged criminal record. As such, we affirm.

## BACKGROUND

¶ 2. On February 3, 2013, Allen crashed his vehicle into a tree. One of the vehicle's passengers died and another passenger suffered serious injuries. Allen was traveling approximately ninety-seven miles per hour and was later found to have a blood alcohol concentration of .122 grams at the time of the crash.

¶ 3. Allen pled no contest to one count of homicide by intoxicated use of a motor vehicle, as well as one count of injury by intoxicated use of a motor vehicle. In exchange for Allen's pleas, the State dismissed two other counts, and agreed to dismiss and read in the homicide-by-negligent-operation-of-a-vehicle count. The State also agreed to globally recommend four years of initial confinement, leaving the extended supervision up to the court.

¶ 4. At the conclusion of the plea hearing, the circuit court ordered a presentence investigation report ("PSI") without a sentencing recommendation. The PSI revealed that Allen had two previous offenses: a municipal citation ticket, which had been paid, and a substantial battery conviction in 2005. As penalty for the substantial battery charge, Allen was given a withheld sentence conditioned on payment of restitution, completion of anger management classes, and completion of nine months of probation. Allen met the conditions, and the substantial battery charge was expunged in 2011.

¶ 5. At sentencing, both Allen and his trial attorney stated that they had each reviewed the PSI, and

neither offered any additions or corrections to the report. Pursuant to the plea agreement, the State recommended four years of initial confinement with the amount of supervision left to the court.

¶ 6. Despite the State's recommendation, the circuit court sentenced Allen to five years of initial confinement and four years of extended supervision. When sentencing Allen, as relevant here, the circuit court stated:

> THE COURT: . . . .
>
> This Court looks at any record of — any record of any undesirable behavior — behavior problems or history of other contacts.
>
> Now, I know that you've had something expunged, a traffic ticket. Individuals, everybody gets — not — I wouldn't say everybody, but a lot of people get traffic tickets. I know that.
>
> I don't give that a lot of serious consideration just so you know, but what I do give serious consideration for is that you — you were on supervision before, right, and that was expunged.
>
> THE DEFENDENT: Yes.
>
> THE COURT: And you had every opportunity to go through that — that period of supervision with the understanding that — you know, you've got to comply with certain things, certainly the rules of law making sure that you don't do bad things because you can be punished for them if you do.
>
> Having gone through that you would think that that would be a learning experience for yourself like I never want to be back in the criminal justice system.
>
> I don't know anything about — quite frankly, about the case except for what it says in the presentence report, but the message is — is that I should this

with me [sic], it was expunged which is a good thing because I do that myself when the appropriate case comes to the Court, expunged so that wouldn't be wrapped around somebody's neck for the rest of their lives, especially a felony conviction, but you had an opportunity to learn something from that.

That's what the Court's concerned about. I don't know what was going through your mind going 97 miles an hour on a city street . . .

¶ 7. Allen filed a postconviction motion, asserting that he was entitled to a new sentencing hearing on the grounds that: (1) the circuit court, in light of *Leitner*, improperly considered his expunged conviction at sentencing when the court referenced Allen's prior period of supervision; and (2) his trial counsel was ineffective for failing to object to references to the expunged conviction in the PSI and at sentencing. The circuit court denied the motion, holding that the court "did not consider the defendant's prior conviction," but did consider the fact of "his prior *supervision* and his opportunity to learn from that experience." Allen now appeals the denial of his motion for a new sentencing hearing.

## DISCUSSION

¶ 8. Allen requests a new sentencing hearing, relying on *Leitner*, because he believes the circuit court impermissibly considered his expunged conviction when it referenced his prior period of supervision. Because we conclude that *Leitner* permits sentencing courts to consider the facts of the expunged record, not just the facts of the underlying crime, we affirm.

¶ 9. We generally review a circuit court's sentencing decision for an erroneous exercise of discretion.

304

*State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. However, here, Allen contends that the circuit court erred as a matter of law when it considered his expunged conviction in contradiction to the holding in *Leitner*. Whether the circuit court made an error of law is a question of law we review *de novo*. *See Ambrose v. Continental Ins. Co.*, 208 Wis. 2d 346, 356, 560 N.W.2d 309 (Ct. App. 1997) ("When reviewing a court's discretionary determination involving a question of law, we review the question of law de novo and reverse if the exercise of discretion is based on an error of law.").

¶ 10. Allen's appeal asks us to interpret our supreme court's ruling in *Leitner*. As such, we first turn to the facts of that case.

¶ 11. In *Leitner*, the defendant entered a no-contest plea to one count of reckless driving causing great bodily harm. *Id.*, 253 Wis. 2d 449, ¶ 4. The circuit court ordered a PSI. *Id.*, ¶ 6. The PSI indicated that the defendant had previously been convicted of a misdemeanor hit and run and operating a motor vehicle while intoxicated causing injury. *Id.* Both convictions related to an incident that had occurred on October 28, 1997. *Id.* The PSI did not mention that the records of the 1997 convictions had been expunged. *Id.*

¶ 12. During sentencing, the State agreed that it was inappropriate to refer to the defendant's 1997 convictions because the court records had been expunged. *Id.*, ¶ 7. "The [State] went on, however, to recount the facts underlying the expunged records of the defendant's 1997 convictions by relying on information in the police reports and the district attorney's case files." *Id.*

¶ 13. In its sentencing remarks, the circuit court did not consider the 1997 convictions, but considered "the facts underlying" the expunged 1997 convictions. *Id.*, ¶ 9. The circuit court stated:

> You say you have no problem with alcohol and yet this is the second incident that you have been involved in that has resulted in your being charged with an alcohol-related offense, although it was not charged in this particular case, but certainly alcohol was involved.

*Id.*

¶ 14. On appeal, the Wisconsin Supreme Court affirmed the defendant's sentence, holding that a sentencing court cannot consider "records of expunged convictions" but may consider "the facts underlying a record of conviction expunged under [WIS. STAT.] § 973.015." *Leitner*, 253 Wis. 2d 449, ¶¶ 44, 48.

¶ 15. The question before this court is whether the circuit court's consideration of Allen's prior supervision in his expunged case was a consideration of "the facts underlying a record of conviction expunged under [WIS. STAT.] § 973.015," and thereby a permissible consideration under *Leitner*. *Id.*, 253 Wis. 2d 449, ¶ 48. Allen narrowly interprets the "facts" a court can consider under *Leitner*, limiting them to only those facts surrounding the underlying expunged criminal act. The State contends that the "facts" a court can consider under *Leitner* include the facts surrounding the entire underlying expunged criminal record. For the reasons which follow, we agree with the State.

 

¶ 16. To begin, Wisconsin law requires sentencing courts "to acquire the 'full knowledge of the char-

acter and behavior pattern of the convicted defendant before imposing sentence.' " *Id.*, ¶ 45 (citation and footnote omitted). As *Leitner* acknowledges, "[a] sentencing court may consider uncharged and unproven offenses and facts related to offenses for which the defendant has been acquitted." *Id.* (citations and footnotes omitted). Reading *Leitner* to permit sentencing courts to consider the facts of the expunged criminal record, not just the facts of the underlying crime, better allows sentencing courts to fulfill their duties by giving them the information they need to make informed decisions. In fact, the *Leitner* court expressly held that "it is clear that the legislature did not intend [Wis. Stat.] § 973.015 to deprive sentencing courts of relevant information regarding an offender when that information is in government files relating to a record of conviction expunged under § 973.015." *Leitner*, 253 Wis. 2d 449, ¶ 47.

¶ 17. Furthermore, reading *Leitner* to allow sentencing courts to consider the facts of record, and not just the facts of the underlying crime, comports with the expunction statute's purpose. As *Leitner* noted, the purpose of Wis. Stat. § 973.015 is *not* to erase all memory of a defendant's expunged conviction. Rather, the court stated that the statute is meant to " 'provide[] a means by which trial courts may, in appropriate cases, shield youthful offenders from *some* of the harsh consequences of criminal convictions.' " *Leitner*, 253 Wis. 2d 449, ¶ 38 (citing *State v. Anderson*, 160 Wis. 2d 435, 440, 466 N.W.2d 681 (Ct. App. 1991); emphasis added). The court stressed that "nothing in the language or history of § 973.015 indicates that the legislature intended record expunction . . . to wipe away all information relating to an expunged record of

a conviction or to shield a [defendant] from all of the future consequences of the facts underlying a record of a conviction expunged." *Leitner*, 253 Wis. 2d 449, ¶ 38

¶ 18. Here, the circuit court used the fact of Allen's prior supervision to "elucidate his character" —particularly his failure to learn of the consequences of breaking the law. *See id.*, ¶ 44. The circuit court's consideration of this fact was not an erroneous exercise of discretion. Taking into consideration both the sentencing court's responsibility to sentence a defendant based upon the " 'full knowledge of the character and behavior pattern of the convicted defendant,' " *see id.*, ¶ 45 (citation and footnote omitted), and the expunction statute's limited purpose in only protecting defendants from *some* of the harsh consequences of an expunged conviction, *see id.*, ¶ 38, we conclude that a sentencing court must be permitted to consider all of the facts underlying an expunged criminal record, and not just those facts underlying the crime itself.

¶ 19. In so holding, we reject Allen's assertion that an interpretation of *Leitner* that permits sentencing courts to consider the facts underlying the expunged criminal record—including a period of supervision—"makes no sense" and renders *Leitner*'s holding "meaningless." The sentencing court is still prohibited from using the record of conviction itself to enhance a sentence; the expunged record of conviction still cannot form the basis of repeater allegations; and the expunged record of conviction still may not be used to impeach a witness on cross-examination. As such, *Leitner* is not rendered meaningless.

¶ 20. Allen also asserts, in the alternative, that his trial counsel was ineffective for failing to object to

the references to Allen's expunged conviction in the PSI and at sentencing. We have already concluded that the references to Allen's expunged conviction in both the PSI and by the sentencing court were proper. It is well-established law that counsel could not have been ineffective for failing to make meritless arguments. *See State v. Toliver*, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994). As such, we need not address Allen's ineffective-assistance-of-counsel claim further.

*By the Court.*—Judgment and order affirmed.

¶ 21. KESSLER, J. (*concurring*). I agree with the result reached by the Majority. I write separately because I conclude the Majority has extended *Leitner* beyond what is necessary to decide the appeal before us.

¶ 22. Allen asked this court to read *Leitner* as limiting what a subsequent court may consider about an expunged conviction to "only those facts relating to the *crime* underlying the expunged conviction and do not include those facts underlying the expunged criminal *record*." Majority, ¶ 1. The court in *Leitner* described the issue which is pertinent to this appeal as "whether the [trial] court erred in the sentencing proceeding when it considered information about *the facts underlying the records* of the . . . convictions expunged under WIS. STAT. § 973.015 and therefore require[d] resentencing." *Leitner*, 253 Wis. 2d 449, ¶ 42 (emphasis added). The court noted that "[t]he facts underlying the record of a conviction expunged under § 973.015 are significant to sentencing [a] defendant because the facts of his prior *behavior* elucidate his character." *Id* ., ¶ 44 (emphasis added).

309

¶ 23. Here, all that is before us in this appeal is the trial court's consideration of Allen's *behavior*—namely that he successfully completed probation in the expunged case. We have no *documents* which comprise any part of the record of the expunged case. The presentence investigation report (PSI) prepared for *this* case refers to the sentence imposed in the expunged case. Allen's successful completion of probation in the expunged case is the *behavior* which the sentencing court considered. *See* Majority, ¶ 6 (quoting the trial court's explanation of how it viewed Allen's successful probation experience when determining the sentence to impose in this case). Whether the court learned of the successful probation from the PSI or otherwise is immaterial. Allen's *behavior* in successfully completing probation was evidence of his character.

¶ 24. Consistent with the teachings of *Leitner*, the trial court properly considered Allen's *behavior* in connection with the case which had been expunged. Nothing in *Leitner*, nor the facts presented here, requires us to go further. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (Cases should be decided on the narrowest possible grounds.).

¶ 25. As the court in *Leitner* explained, innumerable documents in the possession of many government agencies may reflect part of the "record" of the expunged conviction, which makes expunging (i.e., destroying) such records impossible; the statute imposes no such burden of destruction on any government agency except the court. *See id.*, 253 Wis. 2d 449, ¶¶ 40–41. *Leitner* concluded "that the circuit court may consider, when sentencing an offender, the *facts* underlying a record of conviction expunged." *Id.*, ¶ 48

(emphasis added). Allen's successful completion of probation, to which he was sentenced in the expunged case, is *behavior* the sentencing court properly considered.