# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2840-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |                Plaintiff-Respondent, |
| |     v. |
| | Christopher Joseph Allen, |
| |                Defendant-Appellant-Petitioner. |

### REVIEW OF A DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | February 9, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 20, 2016 |
| | |
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Milwaukee |
|   JUDGE: | Jeffrey A. Wagner |
| | |
| JUSTICES: | |
|   CONCURRED: | ABRAHAMSON, J. concurs (Opinion filed). |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there was a brief and oral argument by *Kaitlin A. Lamb*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Warren D. Weinstein*, assistant attorney general, with whom on the brief was *Brad D. Schimel*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2840-CR
(L.C. No. 2013CF670)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

    Plaintiff-Respondent,

    v.

Christopher Joseph Allen,

    Defendant-Appellant-Petitioner.

**FILED**

**FEB 9, 2017**

Diane M. Fremgen
Clerk of Supreme Court

---

REVIEW of a decision of the court of appeals. *Affirmed.*

¶1 ANN WALSH BRADLEY, J. Petitioner, Christopher Joseph Allen ("Allen"), seeks review of a court of appeals decision affirming a circuit court amended judgment and order denying his motion for a new sentencing hearing.[1] The court of appeals determined that under State v. Leitner, 2002 WI 77, 253 Wis. 2d 449, 646 N.W.2d 341, a sentencing court is permitted to consider all of the facts underlying an expunged record of

---

[1] State v. Allen, 2015 WI App 96, 366 Wis. 2d 299, 873 N.W.2d 92 (affirming judgment and order entered by the circuit court for Milwaukee County, Jeffrey A. Wagner, J., presiding).

conviction, and not only those facts underlying the crime itself.

¶2 Allen requests a new sentencing hearing, contending that Leitner prohibited the sentencing court from considering that he had previously completed supervision in a case where the record of conviction had been expunged pursuant to Wis. Stat. § 973.015 (2013-14).[2] Additionally, Allen asserts that his trial counsel was ineffective for failing to object to references to Allen's expunged record of conviction in the pre-sentence investigation report ("PSI") and at sentencing.

¶3 Like the circuit court and court of appeals, we conclude that the sentencing court did not erroneously exercise its discretion when it considered the fact that Allen had previously successfully completed supervision in a case where the record of conviction had been expunged. Under Leitner, a circuit court is permitted to consider not only those facts underlying the crime itself, but also all of the facts underlying an expunged record of conviction provided those facts are not obtained from expunged court records. Because the references to Allen's expunged record of conviction in the PSI and at sentencing were obtained from sources other than expunged court records, they are permitted under Leitner. Given that any objections to these references would have been meritless, we

---

[2] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

2

determine that Allen's trial counsel did not perform deficiently and was not ineffective.

¶4    Accordingly, we affirm the decision of the court of appeals.

I

¶5    The underlying facts in this case are not in dispute. In 2013, Allen crashed his vehicle into a tree while traveling at approximately 97 miles per hour, killing one passenger and severely injuring another.  His blood alcohol concentration at the time of the collision was .122.

¶6    The State charged Allen with:  (1) homicide by intoxicated use of a vehicle in violation of Wis. Stat. § 940.09(1)(a);  (2) homicide by intoxicated use of a vehicle with a prohibited alcohol concentration in violation of Wis. Stat. § 940.09(1)(b); (3) injury by intoxicated use of a vehicle resulting in great bodily harm in violation of Wis. Stat. § 940.25(1)(a); (4) injury by intoxicated use of a vehicle resulting in great bodily harm with a prohibited alcohol concentration in violation of Wis. Stat. § 940.25(1)(b); and (5) homicide by negligent operation of a vehicle in violation of Wis. Stat. § 940.10(1).

¶7    Allen entered a no contest plea to count one, homicide by intoxicated use of a vehicle in violation of Wis. Stat. § 940.09(1)(a) and count three, injury by intoxicated use of a vehicle resulting in great bodily harm in violation of Wis. Stat. § 940.25(1)(a).  In exchange for Allen's plea, the State agreed to dismiss and read in count five and to dismiss the two

3

other counts.  Additionally, the State agreed to recommend four years of initial confinement at sentencing but to make no recommendation with regard to extended supervision.

¶8   The circuit court ordered a PSI.  At sentencing, both Allen and his trial counsel stated that they had reviewed the PSI but did not offer any additions or corrections.  The PSI indicated that Allen had a prior municipal citation that had been paid and a 2005 conviction for substantial battery that had been expunged in 2011.

¶9   Under certain circumstances, a young offender's record of conviction may be expunged pursuant to Wis. Stat. § 973.015(1m)(a)1., which provides in relevant part:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

If a record of conviction is expunged, the court records for that case are destroyed by the clerk of court.[3]

---

[3] SCR 72.06 provides:

When required by statute or court order to expunge a court record, the clerk of court shall do all of the following:

(1) Remove any paper index and nonfinancial court record and place them in the case file.

(continued)

4

¶10 Referencing Allen's expunged record for the 2011 substantial battery conviction, the PSI stated:

> According to the CIB/FBI Criminal Background report, Mr. Allen was arrested for Substantial Battery on 5/11/05. Mr. Allen acknowledges that this incident involved a fight with another boy at high school and he was charged because the other boy lost a tooth in the fight and his mother pursued the case. On 10/07/05, he was given a withheld sentence with conditions that if he pay restitution in the amount of $1139.00, complete anger management classes and successfully completes 9 months of probation, the case shall be expunged. WICS database reveals that the offender successfully completed his term of probation on 07/07/06. This case was officially expunged under SS973.015 on 4/11/11.

The State commented on this expunged record of conviction at sentencing, informing the circuit court that "Mr. Allen has a substantial battery which was expunged, the State will grant that, back in '05." Allen's counsel did not object to the State's reference to the seven-year-old expunged record of conviction.

¶11 In accordance with the plea agreement, the State recommended four years of initial confinement but did not provide a recommendation with regard to extended supervision. Allen's trial counsel likewise took no position on extended supervision, but recommended that the sentencing court impose

---

(2) Electronically remove any automated nonfinancial record, except the case number.

(3) Seal the entire case file.

(4) Destroy expunged court records in accordance with the provisions of this chapter.

5

two years of initial confinement. The circuit court sentenced Allen to five years of initial confinement and four years of extended supervision.

¶12 When sentencing Allen, the circuit court expressed concern that the defendant failed to learn from his prior court experience:

> THE COURT: The court looks at any record of——any record of any undesirable behavior——behavior problems or any history of other contacts.
>
> . . .
>
> THE COURT: [W]hat I do give serious consideration for is that you——you were on supervision before, right, and that was expunged.
>
> ALLEN: Yes.
>
> THE COURT: And you had every opportunity to go through that——that period of supervision with the understanding that——you know, you've got to comply with certain things, certainly the rules of law making sure that you don't do bad things because you can be punished for them if you do.
>
> Having gone through that you would think that that would be a learning experience for yourself like I never want to be back in the criminal justice system.
>
> I don't know anything about——quite frankly, about the case except for what it says in the presentence investigation report, but the message is——is that I should this with me [sic], it was expunged which is a good thing because I do that myself when the appropriate case comes to the court, expunged so that wouldn't be wrapped around somebody's neck for the rest of their lives, especially a felony conviction, but you had an opportunity to learn something from that.
>
> That's what the Court's concerned about. I don't know what was going through your mind going 97 miles an hour on a city street . . .

6

¶13 Allen filed a post-conviction motion requesting a new sentencing hearing on the basis that the circuit court erred when it considered his expunged record of conviction at sentencing. Further, he asserted that his trial counsel was ineffective for failing to object to references to the expunged record of conviction in the PSI and at sentencing.[4] The circuit court denied Allen's motion for a new sentencing hearing.

¶14 In denying Allen's motion for resentencing, the circuit court explained that it considered his prior supervision and his failure to learn from that experience as relevant to an assessment of the defendant's character and behavior:

> The court does not read Leitner to preclude a court from considering the fact of an offender's prior supervision and failure to learn from that experience as part of its duty at sentencing to acquire full knowledge of the character and behavior of the defendant. See State v. Hubert, 181 Wis. 2d 333 (Ct. App. 1993). In fact, that is the only fact the court assigned any significant weight to regarding the defendant's prior expunged conviction, and therefore, the court perceives no violation under Leitner, and consequently no ineffective assistance on the part of trial counsel for failing to raise an objection.

¶15 The court of appeals affirmed the circuit court's judgment and order. State v. Allen, 2015 WI 96, ¶1, 366 Wis. 2d 299, 873 N.W.2d 92. It determined that under Leitner, 253 Wis. 2d 449, a sentencing court is permitted to consider all of

---

[4] Allen also moved for an order vacating a $250 DNA surcharge, which the circuit court granted. This part of the circuit court's decision and order was not appealed and is not before this court.

7

the facts underlying an expunged record of conviction, and not only those facts underlying the crime itself. Id., ¶18. Additionally, it concluded that trial counsel was not ineffective because the references to Allen's expunged record of conviction in the PSI and at sentencing are permitted under Leitner. Id., ¶20.

II

¶16 We are asked to determine whether Leitner prohibited the sentencing court from considering the fact that Allen previously completed supervision in a case where the record of conviction had been expunged pursuant to Wis. Stat. § 973.015. If so, then we must also determine whether Allen's trial counsel was ineffective for failing to object to references to the expunged record of conviction in the PSI and at sentencing.

¶17 This court reviews a circuit court's sentencing decision for an erroneous exercise of discretion. State v. Gallion, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. A circuit court erroneously exercises its discretion when it imposes a sentence based on an error of law. State v. Harris, 119 Wis. 2d 612, 625, 350 N.W.2d 633 (1984). When reviewing a circuit court's discretionary determination involving a question of law, we review the question of law independently of the determinations rendered by the circuit court and the court of appeals. Abrose v. Cont'l Ins. Co., 208 Wis. 2d 346, 356, 560 N.W.2d 309 (Ct. App. 1997).

¶18 Whether counsel's actions constitute ineffective assistance presents a mixed question of fact and law. State v.

8

Tourville, 2016 WI 17, ¶16, 367 Wis. 2d 285, 876 N.W.2d 735. We will not reverse the circuit court's findings of fact unless they are clearly erroneous. Id. This court reviews independently, as a matter of law, whether trial counsel's conduct breached the defendant's right to effective assistance of counsel. Id.

III

¶19 We address first Allen's assertion that Leitner prohibited the sentencing court from considering the fact that he had previously completed supervision in a case where the record of conviction had been expunged pursuant to Wis. Stat. § 973.015.

¶20 In Leitner, the defendant entered a no contest plea to reckless driving causing great bodily harm. 253 Wis. 2d 449, ¶4. Leitner's PSI stated that in 1997 he was convicted of misdemeanor hit and run and operating a motor vehicle while intoxicated causing injury. Id., ¶6. The information in the PSI about Leitner's prior convictions came from the district attorney's case files. Id. Both of these records of convictions had been expunged. Id. However, the fact that the records of the convictions had been expunged was not mentioned in the PSI. Id.

¶21 The prosecutor agreed not to refer to Leitner's 1997 convictions because the court records of these convictions had been expunged. Id., ¶7. Yet, at sentencing the prosecutor discussed the facts underlying the expunged records of

9

convictions by relying on information contained in the police reports and district attorney's case files. Id.

¶22 In determining Leitner's sentence, the circuit court referred to and considered facts underlying his expunged records of convictions:

> You say you have no problem with alcohol and yet this is the second incident that you have been involved in that has resulted in your being charged with an alcohol-related offense, although it was not charged in this particular case, but certainly alcohol was involved.

Id., ¶9.

¶23 On appeal, Leitner asserted that the sentencing court erred when it considered information about the facts underlying the records of the expunged convictions. Id., ¶42. This court disagreed, concluding that "the circuit court may consider, when sentencing an offender, the facts underlying a record of conviction expunged under § 973.015." Id., ¶48. The Leitner court emphasized the need of a sentencing court to have available relevant information:

> When Wis. Stat. § 973.015 is read in the context of the objectives of a sentencing proceeding, it is clear that the legislature did not intend § 973.015 to deprive sentencing courts of relevant information regarding an offender when that information is in government files relating to a record of conviction expunged under § 973.015.

Id., ¶47. Thus, Leitner reasoned that it does not make sense to prohibit a circuit court from considering the underlying facts of an expunged record of conviction if those facts are located

10

in a file of a district attorney or law enforcement agency that is not required to be expunged.  Id., ¶46.

¶24  In this case, Allen asserts that he is not seeking to overturn or modify Leitner.  Instead, he contends that Leitner should be interpreted to permit consideration only of the facts or behaviors underlying the crime itself, rather than all of the facts underlying the expunged record of conviction.  Further, Allen argues that a sentencing court may consider only facts underlying a prior expunged record of conviction if those facts are interrelated to the facts underlying the current offenses for which a defendant is being sentenced.

¶25  Allen relies on the portion of Leitner in which this court determined that the "facts underlying the record of a conviction expunged under § 973.015 are significant to sentencing this defendant . . . ."  Id., ¶44.  Leitner explained that "the facts of his prior behavior elucidate his character, including the escalating harms caused by his interrelated intoxication and hit and run accidents."  Id.  Thus, Allen asserts that Leitner requires interrelated facts between the expunged record of conviction and the current conviction, which he contends are not present here.

¶26 According to Allen, the facts of this case are distinguishable from Leitner because the sentencing court did not consider the underlying behaviors that led to his expunged battery conviction.  Unlike Leitner, the underlying facts of Allen's expunged battery conviction are not interrelated to his current convictions for homicide by intoxicated use of a vehicle

11

and injury by intoxicated use of a vehicle. Specially, there is no evidence in the record that the expunged battery conviction involved alcohol or a motor vehicle.

¶27 We disagree with Allen because he reads Leitner too narrowly. As set forth more fully below, a defendant's behavior on supervision is relevant to a sentencing court's consideration of his future behavior and overall character. Leitner does not require interrelated facts between the crime underlying a prior expunged record of conviction and the facts underlying a current criminal conviction. It allows consideration of all facts underlying an expunged record of conviction, not just the facts underlying the crime itself provided those facts are not obtained from expunged court records.

¶28 Allen also contends that his previous successful completion of supervision in a case where the record of conviction had been expunged does not inform the sentencing court about his individual character. According to Allen, expunction requires the successful completion of a sentence or probation in every case. See Wis. Stat. § 973.015. Thus, Allen asserts that consideration of his prior successful completion of supervision is not individualized because it is equally applicable to every sentencing in which a defendant has an expunged record of conviction.

¶29 Individualized sentencing, as Allen correctly asserts, "has long been a cornerstone to Wisconsin's criminal justice jurisprudence." Gallion, 270 Wis. 2d 535, ¶48. However, we agree with the court of appeals that allowing sentencing courts

12

to consider the facts of an expunged record of conviction in addition to the facts of the underlying crime allows sentencing courts to better perform their duty to make informed sentencing decisions.

¶30 It is well-established that sentencing courts must acquire "full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence." Leitner, 253 Wis. 2d 449, ¶45 (citing Elias v. State, 93 Wis. 2d 278, 285, 286 N.W.2d 559 (1980)); see also Wasman v. United States, 468 U.S. 559, 563 (1984) ("The sentencing court . . . must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."). Thus, a sentencing court may consider uncharged and unproven offenses and facts related to offenses for which the defendant has been acquitted. Leitner, 253 Wis. 2d 449, ¶45. To ensure that a circuit court has full information, "prosecutors may not keep relevant information from a sentencing court." Id.

¶31 As Gallion explained, judges have a need for more complete information at the time of sentencing. 270 Wis. 2d 535, ¶34. In addition, under Gallion, sentencing courts are encouraged "to refer to information provided by others." Id., ¶47. When imposing a sentencing, a circuit court must also explain "how the sentence's component parts promote the sentencing objectives." Id., ¶46. "By stating this linkage on the record, courts will produce sentences that can be more easily reviewed for a proper exercise of discretion." Id.

13

¶32 We also agree with the State that consideration of a defendant's prior successful completion of supervision in a case where a record of conviction had been expunged may often benefit defendants. For example, a sentencing court may determine that a defendant who has previously complied with the terms of probation is at a low-risk for reoffending while on probation or supervision. In that case, a sentencing court may consider the fact that a defendant has previously successfully completed supervision in order to determine whether to divert an offender to a non-prison alternative.

¶33 Here the sentencing court properly considered information provided in the PSI that was obtained from a CIB/FBI Criminal Background report.[5] As Leitner determined, a circuit court may consider the underlying facts of an expunged record of conviction if those facts are located somewhere other than in the court records that must be destroyed with the case file pursuant to SCR 72.06. 253 Wis. 2d 449, ¶46.

¶34 A defendant's behavior on supervision is relevant to his overall character. The sentencing court in this case referenced the fact of Allen's prior successful completion of supervision in the context of considering Allen's possible future behavior and his failure to learn a lesson.

---

[5] Allen does not contend that the PSI writer possessed information that should have been destroyed pursuant to SCR 72.06.

¶35 In accord with Leitner, the sentencing court explained that it "looks at any record of—any record of any undesirable behavior—behavior problems or any history of other contacts." It explained that it considered Allen's prior supervision as relevant to Allen's character because of his failure to learn from the opportunity of having his prior record of conviction expunged:

> THE COURT: And you had every opportunity to go through that—that period of supervision with the understanding that—you know, you've got to comply with certain things, certainly the rules of law making sure that you don't do bad things because you can be punished for them if you do.
>
> Having gone through that you would think that that would be a learning experience for yourself like I never want to be back in the criminal justice system.

The sentencing court used the fact of Allen's prior supervision to impose a sentence based upon his character and behavior, including his failure to learn the consequences of breaking the law.

¶36 Additionally, as required by Gallion, the circuit court explained its reasoning for considering Allen's supervision for the expunged conviction at sentencing. In every case where the facts underlying an expunged record of conviction are included in a PSI, the court will be aware of the fact that the defendant successfully completed a sentence or probation. Rather than ask sentencing courts to turn a blind eye to relevant facts before them, pursuant to Gallion, we expect that courts explain the facts considered when imposing a

15

sentence. That is what the sentencing court did here when it explained that it was considering Allen's behavior in successfully completing probation.

¶37 We turn next to Allen's argument that the sentencing court's consideration of Allen's successful completion of supervision in a prior case where the record of conviction had been expunged contravenes the purposes of expunction. As Allen correctly observes, expunction "offers young offenders a fresh start without the burden of a criminal record and a second chance at becoming law-abiding and productive members of the community." State v. Hemp, 2014 WI 129, ¶19, 359 Wis. 2d 320, 856 N.W.2d 811. It is "intended to provide a break to young offenders who demonstrate the ability to comply with the law." Leitner, 253 Wis. 2d 449, ¶38.

¶38 However, expunction provides a means by which sentencing courts may shield youthful offenders from some of the future consequences of criminal convictions. Id. The Leitner court determined that only court records, rather than all government records regarding expunged convictions need to be destroyed. It explained that "nothing in the language or history of § 973.015 indicates that the legislature intended record expunction . . . to wipe away all information relating to an expunged record of a conviction or to shield a [defendant] from all of the future consequences of the facts underlying a record of a conviction expunged . . . ." Id.

¶39 Concluding that expunction required the destruction of only court records, Leitner explained that "district attorneys

16

and law enforcement agencies have significant ongoing interests in maintaining case information, even when a court record of a conviction has been expunged . . . ." Id., ¶40. For example, case information from an expunged record of conviction may assist police and prosecutors in a variety of ways:

> Case information may assist in identifying suspects, determining whether a suspect might present a threat to officer safety, investigating and solving similar crimes, anticipating and disrupting future criminal actions, informing decisions about arrest or pressing charges, making decisions about bail and pre-trial release, making decisions about repeater charges, and making recommendations about sentencing.

Id.

¶40 Furthermore, expunging the court record continues to provide substantial advantages to an offender. As Leitner explained, an expunged record of a conviction cannot be considered at a subsequent sentencing or used for impeachment at trial under § 906.09(1) and is not available for repeater sentence enhancement. Id., ¶39. Expunction allows "offenders to . . . present themselves to the world—including future employers—unmarked by past wrongdoing." Hemp, 359 Wis. 2d 320, ¶19 (internal citations omitted).

¶41 Finally, we address Allen's concern that allowing consideration of a defendant's prior successful completion of supervision contravenes Leitner's statement, set forth in the paragraph above, that an expunged record of conviction cannot be considered at a subsequent sentencing. As discussed in Leitner, expunction requires the destruction of the court record of

17

conviction. It is the court record, with all of its contents, which cannot be considered at a subsequent sentencing. The facts underlying an expunged record of conviction, if obtained from a source other than a court record, may be considered at sentencing. Leitner, 253 Wis. 2d 449, ¶47.

¶42 For the foregoing reasons, we determine that consideration of the fact that a defendant previously successfully completed probation does not contravene the purpose of expunction. The benefits of expunction shield a defendant from some, but not all, of the future consequences of a prior conviction. A defendant is offered a fresh start when a conviction is expunged, but when he returns to the criminal justice system the facts of that expunged record of conviction are not erased and may be properly considered at sentencing.

¶43 Accordingly, we conclude that the sentencing court did not erroneously exercise its discretion when it considered the fact that Allen had previously successfully completed supervision in a case where the record of conviction had been expunged. Under Leitner, a circuit court is permitted to consider not only those facts underlying the crime itself but also all of the facts underlying an expunged record of conviction provided those facts are not obtained from expunged court records.

IV

¶44 Having concluded that the circuit court did not erroneously exercise its discretion when it considered the fact that Allen had previously successfully completed supervision in

18

a case where the record of conviction had been expunged, we briefly address Allen's claim that his trial counsel was ineffective for failing to object to references to his expunged record of conviction in the PSI and at sentencing.

¶45 In order to succeed on an ineffective assistance of counsel claim, a defendant must show both (1) that his counsel's representation was deficient and (2) that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Allen cannot succeed on his claim here because he cannot show that his counsel's representation was deficient.

¶46 It is well-established that trial counsel could not have been ineffective for failing to make meritless arguments. See, e.g., State v. Toliver, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994); see also State v. Maloney, 2005 WI 74, ¶37, 281 Wis. 2d 595, 698 N.W.2d 583; State v. Harvey, 139 Wis. 2d 353, 380, 407 N.W.2d 235 (1987); State v. Luedtke, 2014 WI App 79, ¶28, 355 Wis. 2d 436, 851 N.W.2d 837. Because the references to Allen's expunged record of conviction in the PSI and at sentencing were obtained from sources other than expunged court records, they are permitted under Leitner. Any objection from trial counsel to these references would have been meritless. Thus, trial counsel's performance was not deficient and consequently Allen could not have been prejudiced as a result of counsel's performance. See Strickland, 466 U.S. 668. Accordingly, we conclude that Allen's trial counsel was not ineffective.

19

V

¶47 In sum, we conclude that the sentencing court did not erroneously exercise its discretion when it considered the fact that Allen had previously successfully completed supervision in a case where the record of conviction had been expunged. Under Leitner, a circuit court is permitted to consider not only those facts underlying the crime itself, but also all of the facts underlying an expunged record of conviction provided those facts are not obtained from expunged court records. Because the references to Allen's expunged record of conviction in the PSI and at sentencing were obtained from sources other than expunged court records, they are permitted under Leitner. Given that any objections to these references would have been meritless, we determine that Allen's trial counsel did not perform deficiently and was not ineffective because the references to Allen's expunged record of conviction in the PSI and at sentencing are permitted under Leitner.

¶48 Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶49 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I join the majority opinion, although it is an extension of Leitner. See State v. Allen, 2015 WI App 96, ¶¶21-25, 366 Wis. 2d 299, 873 N.W.2d 92 (Kessler, J., concurring).

¶50 The legislature's goal in expunction is to "to provide a break to young offenders who demonstrate the ability to comply with the law." State v. Leitner, 2002 WI 77, ¶38, 253 Wis. 2d 449, 646 N.W.2d 341.

¶51 I am concerned that the court's permitting more extensive use of the facts underlying the expunged record of conviction chips away at the purpose of expunction.

¶52 For me, the test to apply to the interpretation and application of the expunction statute in different factual situations is whether the court is making it harder for young offenders to escape the shadows of their past. The instant case is a close call.